IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DHM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-143-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| OREGON YOUTH AUTHORITY, a sub-division of the State of Oregon, GARY LAWHEAD, in his individual capacity, HAVAN JONES, in his individual capacity, JOHN POWELL, in his individual capacity, and FLOYD MESTETH, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Michelle R. Burrows
618 N. W. Glisan Street, Suite 203
Portland, Oregon  97209

Peter B. Tiemann
490 Main Street
Placerville, California  95667

      Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

      Hardy Myers
      Attorney General
      James S. Smith
      David L. Kramer
      Department of Justice
      1162 Court Street NE
      Salem, Oregon  97301-4096

      Robert A. Petersen
      528 Cottage Street, NE, Suite 160
      Salem, Oregon  97301

           Attorneys for Defendants

KING, Judge:

    Several motions are before the court.

    At oral argument, DHM conceded Lawhead, Powell, and Jones' Motion for Additional Consideration Based upon New Authorities (#330) and Mesteth's Motion for Additional Consideration (#332).  Thus, I grant the motions and dismiss with prejudice all claims alleged against Lawhead, Powell, Jones, and Mesteth.

    DHM also filed a Motion for Reconsideration of April 9, 2008 Opinion and Order (#337).  As requested by DHM, I carefully reviewed <u>Phillips v. Multnomah County</u>, Civ. No. 05-105-CL (D. Or. Mar. 23, 2007) and <u>Matlock v. United States of America</u>, Civ. No. 06-768-KI (D. Or. Sept. 21, 2007).  I am unpersuaded, however, that my rulings concerning relation back are incorrect in light of <u>Phillips</u> and <u>Matlock</u>.  <u>Phillips</u> concerns whether to apply the state or federal rule.  Under my rulings, the result is the same with either version.  <u>Matlock</u> concerns relation back when plaintiff named the Bureau of Prison instead of the United States.  That is a different situation than the one before me in which DHM named neither correctly named individual

Page 2 - OPINION AND ORDER

defendants nor John Does on Complaint-Mult, even though he included some allegations about his supervisors' knowledge of Boyles' conduct. I remain convinced that under both the federal rule, as discussed in Louisiana-Pacific Corp. v. Asarco, Inc., 5 F.3d 431 (9th Cir. 1993), and the state rule, as discussed in Krauel v. Bykers Corp., 173 Or. App. 336, 21 P.3d 1124 (2001), the relation back doctrine should not be applied because DHM did not make a mistake as interpreted by those courts. Consequently, I deny DHM's Motion for Reconsideration of April 9, 2008 Opinion and Order (#337).

Finally, I see no reason to have either the Oregon Supreme Court or the Ninth Circuit address my rulings while we delay proceeding to trial. Thus, I deny Plaintiff's Motion to Certify State Law Questions to Oregon Supreme Court (#334) and Plaintiff's Motion for Certification as Interlocutory Appeal (#336).

IT IS SO ORDERED.

Dated this      8th         day of July, 2008.


                                                  /s/ Garr M. King
                                               Garr M. King
                                               United States District Judge